IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL WOLF, ET AL<br><br>    Plaintiffs,<br><br>    v.<br><br>JANET RENO, ET AL<br><br>    Defendants. | C.A. No. 97-408E<br>Judge McLaughlin<br>Magistrate Judge Baxter |

### DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 33 and 34 defendant hereby responds to plaintiffs' First Set of Interrogatories and Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Defendant objects to plaintiffs' Interrogatories and Requests for Production of Documents to the extent they request information not designed to lead to the discovery of relevant evidence and request information and documents beyond the requirements of the Federal Rules of Civil Procedure 33 and 34.

2. Defendant objects to plaintiffs' Interrogatories and Requests for Production of Documents to the extent that they purport to seek the production of documents or information not within the defendants' possession, custody or control.

3. Defendant objects to plaintiffs' Interrogatories and Requests for Production of Documents to the extent that they seek information which is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.



PLAINTIFF'S EXHIBIT 5

## RESPONSES

## INTERROGATORIES

1. State the name and position of the FCI-McKean official who supervises the inmate film program that is the subject of this lawsuit.

    **Response:**   Dennis J. Flatt, Supervisor of Recreation.

2. State the name and position of the FCI-McKean official who determines which movies will be leased for showing at the inmate film program that is the subject of this lawsuit.

    **Response:**   Dennis J. Flatt, Supervisor of Recreation.

3. In what year did the inmate film program begin at McKean?

    **Response:**   The inmate film program was started in 1989, which is the year the institution began operation.

4. Prior to implementation of the Zimmer Amendment, were any categories of rated films automatically prohibited (as a matter of Bureau of Prison or FCI-McKean policy) from being shown to McKean inmates in the prison's inmate film program? If so, please identify each such category (i.e. X-Rated films; R-Rated films; NC-17 Rated films, etc.).

    **Response:**   Yes, X-rated films were not shown.

5. Since implementation of the Zimmer Amendment, are any categories of rated films automatically prohibited (as a matter of Bureau of Prison or FCI-McKean policy) from being shown to FCI-McKean inmates in the prison's inmate film program? If so, please identify each such category (i.e. X-Rated films; R-Rated films; NC-17 Rated films, etc.).

    **Response:**   Yes, R, X and NC-17 rated movies are not shown.

6.  Identify the funding source of the monies that are used to lease video cassettes for showing in the inmate film program (ex. Inmates Benefit Fund, etc.) and describe, with specificity, how the monies are generated (i.e. commissary purchases by inmates; purchases from vending machines in the inmates visiting area, etc.).

    **Response:**  The Inmate Trust Fund, which is funded through revenue from commissary, vending and inmate telephone services.

7.  List the titles of all leased movies that were shown to McKean inmates as part of the inmate film program during the two years that <u>preceded</u> the implementation of the Zimmer Amendment and, if your records reflect, the rating of each movie.

    **Response:**  This list is produced in response to Request for Production 8.

8.  List the titles of all leased movies shown to McKean inmates as part of the prison's film program <u>since</u> implementation of the Zimmer Amendment and, if your records reflect, the rating of each movie.

    **Response:**  This list is produced in response to Request for Production 9.

9.  State the name and address of the company from which FCI-McKean currently leases movie cassettes for the showing of films to McKean inmates.

    **Response:**  Swank Motion Pictures, Inc.
    211 South Jefferson Ave.
    St. Louis MO 63103-7008

    Movie World
    10 Davis Street
    Bradford, PA 16701

10. State the name and address of each company from which FCI-McKean has leased movies cassettes over the past three years for the showing of films to McKean inmates.

- 3 -

**Response:** See response to Interrogatory 9.

11. State the name of the deputy warden who has primary responsibility for security (as opposed to programming matters).

    **Response:** There is no position designated "deputy warden." Mr. M.E. Nuss is the Associate Warden responsible for security.

12. State the name and position of the FCI-McKean's highest ranking uniformed security officer.

    **Response:** The Chief Correction Supervisor (Captain) is the highest ranking security officer but it is not a uniformed position. His name is Captain Donald Reich. The highest ranking uniformed position is a GS-11 lieutenant and there are 7 GS-11 lieutenants assigned to FCI McKean.

## REQUEST FOR DOCUMENTS

1. All policy statements, rules, regulations, administrative directives, memoranda, correspondence and other such documents promulgated or issued by FCI-McKean officials since passages of the Zimmer Amendment related to the showing of movies at the prison as part of the inmate film program.

    **Response:** Institutional Supplement 5370.08 dated September 15, 1997 is produced as responsive to this request.

2. All policy statements, rules, regulations, administrative directives, memoranda, and other such documents promulgated or issued by FCI-McKean officials prior to passages of the Zimmer Amendment related to the showing of films at the prison to in the context of the inmate film program.

- 4 -

**Response:** The following documents are produced:

Institutional Supplement 5370.06 dated May 15, 1990

Institutional Supplement 5370.06 dated July 15, 1991

Institutional Supplement 5370.06 dated March 10, 1993

Institutional Supplement 5370.08 dated November 29, 1994

Institutional Supplement 5370.08 dated December 27, 1995

3. All policy statements, rules, regulations, administrative directives, memoranda, correspondence and other such documents <u>received</u> by FCI-McKean officials from the Federal Bureau of Prisons, the United States Department of Justice, or other federal executive agencies, bureaus or departments related to the showing of films to BOP inmates since the opening of FCI-McKean.

**Response:** The following documents are produced:

Program Statement 5370.06 dated September 27, 1986

Program Statement 5370.07 dated December 16, 1993

Program Statement 5370.08 dated June 13, 1994.

Memorandum from Kathleen Hawk, Director to Chief Executive Officers dated November 15, 1995 re: Guidelines for Implementation of Zimmer Amendment.

Program Statement 5381.04 dated March 19, 1996.

Memorandum from Kathleen Hawk, Director to All Regional Directors and All Wardens dated August 27, 1996 re: Zimmer Amendment Questions and Answers.

Memorandum from Steve Schwalb, Assistant Director, Industries, Vocational Training and Education to All Regional Directors and All

- 5 -

      Wardens dated September 23, 1996 re: Follow-up to Zimmer Amendment Questions and Answers.

4. All policy statements, rules, regulations, administrative directives, memoranda, correspondence and other such documents promulgated or issued by FCI-McKean officials, the Federal Bureau of Prisons, or the United States Department of Justice, <u>since</u> passage of the Zimmer Amendment related to the showing of films to BOP.

   **Response:** See documents produced in response to Requests 1 and 3.

5. All Bureau of Prison policy statements, rules, regulations and other such documents in effect <u>at the time of</u> the passage of the Zimmer Amendment which governed the showing of films to inmates of federal correctional institutions.

   **Response:** See documents produced in response to Requests 2 and 3.

6. All modifications, amendments, changes and alterations to the Bureau of Prison policy statements, rules, regulations, and other such documents governing the showing of films to inmates of federal correctional institutions <u>after</u> the passage of the Zimmer Amendment.

   **Response:** See Response to Requests 1 and 3.

7. All documents prepared by FCI-McKean, Federal Bureau of Prison, or Department of Justice officials which list, reflect, or discuss security or other anticipated penological purposes to be served or advanced by the prohibition against the showing of R rated or NC-17 rated films at federal correctional institutions.

**Response:** No responsive documents other than the Program Statements and Memorandums which have been produced in response to Requests 1 and 3. Defendant did not search any litigation files maintained by the Department of Justice.

8. All lists, rental invoices, receipts, and other such documents which reflect the titles of the films shown to FCI-McKean inmates over the three years prior to the passage of the Zimmer Amendment.

    **Response:** Responsive documents are produced.

9. All lists, rental invoices, receipts, and other such documents which reflect the titles of the films shown to inmates at FCI-McKean over the three years <u>since</u> passage of the Zimmer Amendment.

    **Response:** Responsive documents are produced.

10. All documents confirming or reflecting the allocations of monies from the Inmate Benefit Fund or other inmate generated sources toward the rental of films for showing to FCI-McKean inmates.

    **Response:** Responsive documents are produced.

11. All memos, letters and other correspondence prepared by or issued in the name of Kathleen Hawk or her BOP administrative subordinates which have criticized, questioned, or expressed concerns about the merits of the Zimmer Amendment as it relates to federal correctional facility programs.

    **Response:** There are no documents responsive to this Request.

12. All memos, letters and other correspondence prepared by or issued in the name of John Hahn or his administrative subordinates which have criticized, questioned, or expressed

concerns about the merits of the Zimmer Amendment as it relates to federal correctional facility programs.

**Response:**   There are no documents responsive to this Request.

13. All administrative grievances submitted by FCI-McKean inmates and the responses thereto related to the prohibition against the showing of R and NC-17 rated movies at the prison in the context of the inmate film program.

**Response:**   There are documents responsive to this request but they are not being produced because they are protected from disclosure by the Privacy Act. Upon entry of a waiver and\or an appropriate protective order, defendants will turn over these documents.

14. All invoices, lease orders, receipts and other documents reflecting the rental of movies for showing to McKean inmates over the past three years as part of the inmate film program.

**Response:**   See Response to Request 9.

As to Objections:

Dated: May 28, 1999

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

HARRY LITMAN
United States Attorney

TINA M. OBERDORF
Assistant U.S. Attorney

*/s/ Marsha S. Edney*
VINCENT M. GARVEY
MARSHA S. EDNEY
Attorneys, Department of Justice
Civil Division
901 E Street, N.W., Room 938
Washington, D.C. 20530
Telephone: (202) 514-4520
Attorneys for Defendants

- 8 -

I declare that the answers to the Interrogatories are true and correct.

*Toni Brown* (signature)

Toni Brown
Assistant Regional Counsel
Federal Bureau of Prisons
Northeast Regional Office

Case 1:97-cv-00408-SJM-SPB   Document 72-7   Filed 07/21/2005   Page 10 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 1999, I served a copy of the foregoing Defendants' Response to Interrogatories and Requests for Production of Documents via federal express to:

Jere Krakoff
Pennsylvania Institutional Law Project
1705 Allegheny Building
Pittsburgh, PA 15219

*/s/ Marsha S. Edney*
MARSHA S. EDNEY