UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PEENSYLVANIA

RICHARD JEWELL, et al,

        Plaintiff,

v.

ALBERTO GONZALEZ, et al,

        Defendants.

C.A. 97-408 Erie

## NOTICE OF DEPOSITION

To: ALL DEFENDANTS

    Pursuant to Rules 26 and 30 (b)(6) of the Federal Rules of Civil Procedure, notice is given that on Wednesday, April 6, 2005, beginning at 10:00 A.M. Plaintiffs' counsel will take the deposition by oral examination of the person designated by the Attorney General and the Bureau of Prisons to testify on their behalf with respect to the following items:

    1.    The <u>reason or reasons</u> federal prisoners were <u>not categorically</u> prohibited from viewing R-rated movies prior to enactment of the Zimmer Amendment.

    2.    All <u>penological interests</u> that were impacted by the viewing of such movies by BOP inmates prior to enactment of the Zimmer Amendment.

    3.    The <u>means</u> by which BOP prison officials (<u>prior</u> to Zimmer) could <u>control</u> or <u>regulate</u> the showing of R-rated movies to inmates (and, thereby, protect legitimate



PLAINTIFF'S
EXHIBIT
8

penological interests), such as prohibiting specific movies from being shown to prisoners.

4. The <u>impact</u> that controlling or regulating R-rated movies (prior to Zimmer) had on prison resources, staff, or other aspects of the operations of BOP institutions.

5. The <u>means</u> by which the BOP prison officials could <u>now</u> control or regulate the showing of R-rated movies to inmates short of categorically banning such movies if the Zimmer Amendment or other federal legislation did not preclude the showing of such movies.

6. The <u>impact</u> that controlling or regulating the showing of R-rated movies to inmates rather than categorically banning such movies would <u>now</u> have on prison resources, staff, or other aspects of the operations of BOP institutions if the Zimmer Amendment or other federal legislation did not preclude the showing of such movies.

7. The <u>identity</u> of the <u>legitimate penological interests</u> that are served by categorically banning the showing of R-rated movies in BOP prisons and the extent to which those interests are served.

8. Whether the categorical banning of R-rated movies in BOP prisons is an <u>exaggerated response</u> to legitimate penological interests.

9. The existence of ready or easy alternatives available to BOP inmates in conjunction with the viewing of movies.

10. Whether the BOP administration or other BOP officials were consulted by Representative Zimmer or other federal legislators prior to the inclusion in Zimmer Amendment of a ban against the showing of R-rated movies.

11. The above questions (with the exception of item 10) will be asked in the context of BOP prisons, in general, and FCI McKean, in particular.

This deposition will be taken at the Department of Justice, 901 E. Street, N.W., Washington D.C.

Dated: March 17, 2005

Jere Krakoff
I.D. 13701
1705 Allegheny Building
Pittsburgh, PA 15219
(412) 232-0276

*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

I certify that a copy of the attached Notice of Deposition was mailed via first class mail to the defense counsel Marsha Edney in care of the United States Department of Justice, Civil Division, Room 938, 901 E. Street, N.W., Washington, D.C. 20530.

Dated: March 17, 2005

_____
Jere Krakoff

4